UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | CASE NO. |
| v. ) ) | COMPLAINT |
| FLORIDA INSTITUTE FOR ) NEUROLOGIC REHABILITATION, INC. ) ) | JURY TRIAL DEMAND INJUNCTIVE RELIEF REQUESTED |
| Defendant. ) / | |

## NATURE OF ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability, and to provide appropriate relief to Guadalupe Trevino who was adversely affected by such practices. As stated with greater particularity in paragraph 8 below, the Equal Employment Opportunity Commission ("the Commission") alleges that Defendant Florida Institute For Neurologic Rehabilitation, Inc ("FINR") discriminated against Trevino, a qualified individual with a disability, when it failed to provide her with a reasonable accommodation, terminated her employment, or alternatively, failed to hire Trevino due to her disability.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107 (a) of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117 (a), which incorporates by reference Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended,

("Title VII"), 42 U.S.C. § 2000e-5 (f)(1) and (3) and pursuant to § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107 (a) of the ADA, 42 U.S.C. § 12117 (a), which incorporates by reference Section 706 (f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5 (f)(1) and (3) and pursuant to § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

4. At all relevant times, Defendant FINR has been a Florida corporation doing business in Wauchula, Florida and has continuously had at least 15 employees.

5. At all relevant times, Defendant FINR has continuously been an employer engaged in an industry affecting commerce under Section 101 (5) of the ADA, 42 U.S.C. § 12111 (5), and Section 101 (7) of the ADA, 42 U.S.C. § 12111 (7), which incorporates by reference Sections 701 (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (g) and (h).

6. At all relevant times, Defendant FINR has been a covered entity under Section 101 (2) of the ADA, 42 U.S.C. § 12111 (2).

## STATEMENT OF CLAIMS

7. More than 30 days prior to the institution of this lawsuit, Trevino filed a charge with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.  Since at least August 2006, Defendant FINR has engaged in unlawful employment practices in violation of Section 102 of Title I of the ADA, 42 U.S.C. § 12112:

   a) Trevino has bilateral severe to profound sensorineural hearing loss and is substantially limited in the major life activities of hearing, speaking and communicating.

   b) Trevino applied for a housekeeping position at FINR's Wauchula, Florida facility.

   c) During her interview, Trevino asked for an American Sign Language ("ASL") interpreter to assist during the interview.

   d) FINR informed Trevino she was hired for a housekeeping position and gave her a start date, schedule and rate of pay.

   e) Trevino reported to work and began initial training.

   f) During the training, Trevino requested an ASL interpreter to assist her through the training.

   g) FINR did not provide Trevino with an ASL interpreter for the training.

   h) Trevino failed an examination given the first day of the training.

   i) Trevino again requested an ASL interpreter to assist her through the training.

   j) FINR refused to provide an ASL interpreter.

   k) FINR's refusal to provide Trevino with the requested ASL interpreter for the training caused Trevino to fail the required examinations and fail to complete initial training.

   l) FINR informed Trevino it would not provide an ASL interpreter and that she would not be employed in the housekeeping position.

9. The effect of the practices complained of in paragraph 8 above has been to deprive Trevino of equal employment opportunities and otherwise adversely affect her status as an applicant for employment or employee because of her disability.

10. The unlawful employment practices complained of in paragraph 8 above were intentional.

11. The unlawful employment practices complained of in paragraph 8 above were done with malice and/or with reckless indifference to the federally protected rights of Trevino.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant FINR, its officers, agents, servants, employees, attorneys all persons in active concert or participation with it, from refusing to provide reasonable accommodation to qualified individuals with disabilities, discharging or failing to hire qualified individuals because of disability, and engaging in any other employment practice which discriminates on the basis of disability.

B. Order Defendant FINR to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant FINR to make whole Trevino by providing appropriate back-pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices including, but not limited to, reinstatement or rightful- place hiring and/or front pay.

D. Order Defendant FINR to make Trevino whole by providing compensation for past losses resulting from the unlawful employment practices described in paragraph 8 above

including, but not limited to, out of pocket losses suffered by Trevino in amounts to be determined at trial.

  E. Order Defendant FINR to make whole Trevino by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 8 above, including but not limited to, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

  F. Order Defendant FINR to pay Trevino punitive damages for its malicious and/or reckless conduct, as described in paragraph 8 above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

        Respectfully Submitted,

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN Y. REAMS
        Associate General Counsel

        NORA E. CURTIN
        Regional Attorney


        s/ Carla J. Von Greiff\_\_\_\_\_
        Carla Von Greiff
        Florida Bar Number 0010566
        EEOC Tampa Field Office
        501 E. Polk Street
        Suite 1000
        Tampa, FL  33602
        Tel: (813) 202-7903
        Fax: (813) 228-2045
        carla.vongreiff@eeoc.gov